IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MILTON LOUIS HURD, (TDCJ-CID #534285) | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION H-14-1737 |
| STEWART JENKINS, *et al.*, | § § | |
| Defendants. | § § | |

**MEMORANDUM AND OPINION**

Milton Louis Hurd, an inmate of the Texas Department of Criminal Justice – Correctional Institutions Division, sued in June 2014, alleging an illegal parole revocation. Hurd, proceeding *pro se* and *in forma pauperis*, sues officials at the TDCJ Parole Division, and the Southeast Texas Transitional Center. A careful review of Hurd's claims show that they lack merit as a matter of law and cannot proceed further. This case is dismissed, for the reasons explained below.

Hurd alleges that on June 20, 2012, the defendants issued a prerevocation warrant for failing to report to the designated halfway house when released from the TDCJ-CID. On June 22, 2012, Hurd was arrested at the Southeast Texas Transitional Center. Hurd alleges that he was illegally detained in the Harris County Sheriff's Department from June 22 to October 24, 2012 and did not have a prerevocation hearing to determine whether there was probable cause to find that Hurd had violated his supervised release conditions. Hurd alleges that the Director of the TDCJ Parole Division allowed the June 20, 2012 warrant to be executed even though he knew it was based on false information; that a parole office supervisor and a security captain at the Southeast Texas Transitional Center falsely alleged that Hurd had absconded although another parole officer had

talked to Hurd on June 21, 2012 and knew that Hurd had not absconded. Hurd seeks a declaratory judgment that his constitutional rights were violated and $100,000.00 in compensatory damages.

A district court must dismiss a prisoner's § 1983 complaint if it is malicious or frivolous, fails to state a claim, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B)(i), the court may dismiss an *in forma pauperis* complaint as frivolous when it lacks an arguable basis in law or fact. *Hutchins v. McDaniels*, 512 F.3d 193, 195 (5th Cir. 2007) (citing *Black v. Warren*, 134 F.3d 732, 734 (5th Cir. 1998)). A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Richardson v. Spurlock*, 260 F.3d 495, 498 (5th Cir. 2001) (citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998) (quoting *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997)).

Hurd alleges that his parole was improperly revoked. The issue is whether a ruling in his favor would necessarily undermine the validity of his 1989 conviction and 20-year sentence for cocaine possession. A court must dismiss a civil rights complaint under 42 U.S.C. § 1983 if successful, would necessarily imply the invalidity of the plaintiff's conviction or sentence, unless the plaintiff demonstrates that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

The *Heck* rule extends to parole revocation proceedings. *Jackson v. Vannoy*, 49 F.3d 175, 177 (5th Cir. 1995), *cert. denied*, 516 U.S. 851 (1995); *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122 (5th Cir. 1995); *McGrew v. Tex. Bd. of Pardons and Paroles*, 47 F.3d 158, 161 (5th Cir. 1995). When the underlying criminal proceeding is a parole revocation, the question is whether a judgment in favor of the plaintiff in the civil action would "call into question the fact or duration of parole." *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995). If so, the lawsuit is barred unless the parole board's decision has been "reversed, expunged, set aside, or called into question." *Id.*

Hurd's damages claim based on his parole revocation and his continued incarceration is based on the alleged unconstitutionality of his parole revocation. Granting him relief necessarily undermines the validity of the revocation. Hurd has no damages claim until he can demonstrate that the parole revocation decision "has been reversed, expunged, set aside, or called into question." *Littles v. Bd. of Pardons and Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995); *Heck*, 512 U.S. at 486-87. Hurd cannot make such showing. He has not alleged that his underlying drug conviction or his parole revocation have been reversed, invalidated, or otherwise expunged. Until he does, he cannot pursue his claim. *Id.* at 488-89; *Randell v. Johnson*, 227 F.3d 300, 301 (5th Cir. 2000), *cert. denied*, 121 S. Ct. 1601 (2001) ("Because [plaintiff] is seeking damages pursuant to § 1983 for unconstitutional imprisonment and he has not satisfied the favorable termination requirement of *Heck*, he is barred from any recovery...."). Hurd's claims are legally frivolous under §§ 1915(e)(2) and 1915A(b). *Hamilton v. Lyons*, 74 F.3d 99, 102-103 (5th Cir. 1996) ("A § 1983 claim which falls under the rule in *Heck* is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."). Hurd's claims are dismissed

without prejudice to reassertion if the *Heck* conditions are met. *See Clarke v. Stalder*, 154 F.3d 186, 191 (5th Cir. 1998); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

## III. Conclusion

Hurd's motion to proceed *in forma pauperis*, (Docket Entry No. 2), is granted. His claims are dismissed as frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED on November 24, 2014, at Houston, Texas.

Lee H. Rosenthal
United States District Judge